Summers, J.
The provisions of the ditch law are not and never have been commendable for their perspicuousness. Relative to a county ditch the statutory provisions may be briefly summarized as follows:
Section 4450 provides that application shall be made to the county commissioners.
Section 4451 provides what the petition shall set forth and that it shall be filed with the county auditor.
Section 4451a. provides that the auditor shall fix a day for the hearing-of the petition; that he shall give a copy to the county commissioners, and that he shall prepare and deliver to the petitioners, or any one of them, notices directed to the landowners and the corporations affected by the improvement.
Section 4452 provides that on the day fixed the commissioners shall give a hearing at the head of the ditch, and by actual view of the line of the ditch and of the premises to be drained and benefited thereby, determine the necessity thereof.
Sections 4452 and 4454 provide that' if the commissioners find for the improvement, they shall direct the county surveyor to survey the ditch and make á plat of the improvement,, and they shall fix a day for the approval of his report and for the hearing of applications for compensation for lands taken and for damages to parties affected by the improvement.
Section 4455 provides that the commissioners shall direct the surveyor to return a schedule, of lands benefited and an apportionment according to the benefits to the lands benefited, of the cost of the improvement.
Section 4459 provides for the hearing by the commissioners of the report of the surveyor; for amending or changing the apportionment reported by him; *151 for the bringing in of omitted owners of lands that are benefited, and for the apportioning of the entire cost to all the lands benefited.
Section 4460 provides for application for compensation or damages, or a change of the line of the ditch through their premises by owners whose lands are taken or damaged.
Section 4461 provides that the commissioners shall fix and allow compensation and damages, and that they may require the whole or part to be paid by the county or apportioned on all the lands that will be benefited.
Section 4462 provides that at any time before the time set for the final hearing of the report and apportionment, any party to the proceeding may file exceptions to the findings of the commissioners, or to the apportionment, or as to compensation or damages.
Section 4463 provides for appeals to the probate court.
Sections 4475 and 4476 provide for letting the work.
Section 4479 provides: “When the working sections of the improvement are let, as hereinbefore provided, and the costs and expenses of location and construction, and all compensation and damages are ascertained, the commissioners shall meet and determine in what time and in what number of assessments they will require the same to be paid, and order that the assessments, as made by them, be placed on the duplicate accordingly, against all the lots or lands, or corporate roads or railroads assessed,” and they shall also determine whether they will issue bonds to pay such costs and expenses.
The contention of counsel for plaintiff is that the lands were assessed on November 14,1901, when the *152 apportionment was approved. In support of this he calls attention to the provision in section 4459 that: “If parties, not included in the county survey- or ’s apportionment, are found to he benefited, and are assessed- by the commissioners, such parties shall be notified,” etc.; to section 4459a, that if any land upon which such assessment is made be subdivided, or any part thereof be sold and transferred on the duplicate, it shall be the duty of the auditor, at the time he makes such transfer, to apportion the amount of the assessment between the owners of such land; and to the provision in section 4475a, that when the estimated cost of construction of a ditch is $500 or more per mile, and the petition is filed with the board of commissioners by persons who are assessed, that the commissioners may sell the same as an entirety.
The act of 1871 (68 O. L., 60), which seems to be the source of most of the present ditch laws, provided for an apportionment of the work of constructing the ditch and of the costs and compensation and damages among the owners of lands to be benefited according to the benefits. At the time the apportionment was made, the means, that is, the costs, compensation, damages and labor, necessary to the construction of the ditch, were known. The labor was the principal thing. It was apportioned to the several tracts of land, and at the same time .the costs, compensation and damages were apportioned to the respective owners. Now the construction is let, and until the- contracts are entered into, the sum necessary to pay for the ditch, that is to say, the costs, compensation, damages and costs of construction, is not known, and it is evident from a close scrutiny of the various provisions of the statutes that it is not until the sum necessáry for the payment of the ditch *153 is ascertained that an assessment is to he made. This is implied by section 4479. Prior to that, it is only the apportionment that is made. The estimated cost of the improvement is apportioned to the lands benefited. It is only the actual cost that is to be ordered placed on the duplicate. The contract price is limited to the estimate, it may be less, and if an assessment of the estimated cost had been intended it is probable that provision would have been made for rebates. Bonds may be issued, but only for the actual amount.
Section 4459 does not provide for an assessment but for a change of the apportionment, and it is evident that the words “are assessed” in section 4459, mean “are to be assessed,” and that, when in section 4459a, reference is made to the “land upon which such assessment is made,” that “is to be made” is what was intended, and that the words “who are assessed,” in section 4475a, should be read “who are to be assessed. ’ ’ These expressions are used merely to identify persons or land, and to so construe the statute does not change its meaning, while to give them the effect contended for would be to convert an apportionment into an assessment and to charge upon the land more than might be necessary. Moreover, section 4480 provides that when the commissioners make an assessment they shall direct the auditor to make and furnish the treasurer a special duplicate and to retain a copy in his office, and certainly it is not intended that one duplicate shall be made before the ditch is let and another after.
Affirmed.
Davis, C. J., Shauck, Price, Crew and Spear, JJ., concur.